April 30, 1906.

————o————

No. 3897.

(Court of Appeal, Parish of Orleans.)

## JOHN A. WATERHOUSE vs. SINA POMPEY, FEMME SOLE.

The plaintiff's petition alleges a contract of sale and its violation, the answer admits the purchase but avers that it was made through ignorance of fact, and the cause was submitted on the pleadings without evidence.

HELD: That the matter is in the nature of a plea in confession and avoidance and that the burden of proof is on the defendant.

Appeal from Civil District Court, Division "B."

Zengel Thomas & Suthon, Plaintiff and Appellee.

Simeon Belden, Defendant and Appellant.

DUFOUR, J. The plaintiff alleges that, on May 16th, 1904, he entered into an agreement to sell defendant certain real estate, in consideration of the sum of $150 to be paid in instal-

ments of $5, per month, $20 of which have been paid.

He further avers that the failure to pay other instalments is a ground for forfeiture of the agreement and entitles him to a rescission and to a re-entry into possession of the property.

The contract is annexed to the petition and sustains the forgoing allegations.

The defendant admits having agreed to purchase the property from the plaintiff and having paid $20 on account, but claims that the purchase was made through ignorance of her rights under the belief that plaintiff was the owner, whereas, in point of fact she was the owner by inheritance from her mother.

Neither party offered any evidence, and the District Court gave the plaintiff judgment, rescinding the agreement and ordering delivery of possession.

The sole question presented is, on whom, under the pleadings, is the burden of proof.

We are of opinion that it was upon the defendant.

She admitted plaintiff's ownership and made payments on account of her sale and made no pretence of disputing the signature to the written contract.

This is certainly a *prima faci* case for plaintiff's and defendant's plea is in the nature of a confession and avoidance.

To sustain her contention, she should have proved her ignorance of her right and the fact that she inherited the property from her mother. The admissions are conclusive, even though the contract be rejected as not filed.

Judgment affirmed.

April 30th, 1906.

Rehearing refused May 14, 1906.